In the Matter of the Application of MICHAEL SIMIELE and ANTHONY FASOLINO for the Appointment of Commissioners to Determine Damages Occasioned to the Property of the Petitioners by the Change of Grade of Leonard Street, in the Village of Mechanicville, Saratoga County, New York.

MICHAEL SIMIELE and ANTHONY FASOLINO, Appellants;
VILLAGE OF MECHANICVILLE, Respondent.

Third Department, December 28, 1916.

Municipal corporations — proceeding under Village Law, section 159, to determine compensation for injury to property by change of grade of street — authority of village to change grade — resolution of trustees awarding contract — findings of fact by referee.

Where the trustees of a village by resolution award a contract for changing and grading a street pursuant to certain specifications which expressly provide that the village engineer shall give the lines and grades for the work, and that it must conform thereto, such action by

the trustees is equivalent to a formal resolution or ordinance directing
the change of grade.
Findings of fact by a referee to whom a proceeding instituted under sec-
tion 159 of the Village Law for the determination of damages caused by
the change of grade in a street examined, and *held*, not to support his
legal conclusion that the proceeding should be dismissed on the ground
that the change of grade had not been authorized by the village.
Said findings of fact established the liability of the village for the
change of grade.

APPEAL by the petitioners, Michael Simiele and another,
from an order and judgment of the Supreme Court in favor of
the respondent, entered in the office of the clerk of the county
of Saratoga on the 4th day of August, 1915, dismissing the
petition herein upon the report of a referee.

*Robert Frazier,* for the appellants.

*Howard J. Reilly,* for the respondent.

COCHRANE, J.:

This proceeding was instituted under section 159 of the Vil-
lage Law (Consol. Laws, chap. 64; Laws of 1909, chap. 64) for
the appointment of commissioners to determine the compensa-
tion to which the petitioners may be entitled by reason of
injury to their property located on Leonard street in the village
of Mechanicville, because of the change of a grade in said street.
The matter was referred to a referee who reported in favor of a
dismissal of the proceeding on the ground that the change of
grade had not been authorized by the village. On such report
judgment has been entered dismissing the proceeding and the
petitioners appeal to this court.

The findings of fact as made by the referee do not support
his legal conclusion. The facts as found are that in the year
1913 the village lawfully proceeded to pave Leonard street;
that the village instituted proceedings for such paving and that
the work of paving and grading said street was completed in
the year 1914; that the grade was changed in front of the prem-
ises of the petitioners; that such change was made at the direc-
tion of one Charles E. Hicks; that prior to the work of paving
and grading, a contract therefor in writing was entered into
between the village and the T. F. Grattan Company; that the

specifications in said contract among other things provided that the lines and grades for such work be given by the engineer, and that the work must be made to conform to them; that by motion duly made and carried at a meeting of the board of trustees of the village, the contract for paving pursuant to such specifications was awarded to said T. F. Grattan Company; that Charles E. Hicks was the engineer who drew and prepared the plans for the paving of Leonard street and who established the lines and grades for paving to guide the contractor, and that he was, the village engineer of said village at the time such work was performed; that said Charles E. Hicks as such engineer gave the contractor the grade for the pavement; that the contractor, the T. F. Grattan Company, conformed the work of paving to the lines and grades given by said engineer; that said Charles E. Hicks was paid by the village of Mechanicville for his services in furnishing the lines and grades for the pavement of said Leonard street; that the village of Mechanicville accepted the work done by the T. F. Grattan Company, and that the change of grade injuriously affected the premises of petitioners. The foregoing facts, all of which were found by the referee, abundantly establish the liability of the village for whatever damages were occasioned to the petitioners' property by reason of the change of grade.

It is true that the referee also found that no resolution or ordinance was passed by the board of trustees directing the change, and that such change was not made by the village. These findings are clearly inconsistent with the other findings above mentioned. It was apparently considered by the referee that because no formal resolution or ordinance was adopted by the board of trustees the village could not be made responsible. But the trustees at a meeting thereof by resolution awarded the contract for changing and grading the street pursuant to certain specifications which expressly provided that the village engineer should give the lines and grades for the work, and that the work must conform thereto. What was done by the trustees at their meeting in awarding the contract was equivalent to a formal resolution or ordinance directing the grade to be changed. And what was done by the engineer was pursuant to authority expressly conferred upon him by the board of

28   People ex rel. Erie R. R. Co. *v*. Pub. Serv. Comm.

Third Department, December, 1916.          [Vol. 176.

trustees.   The change of grade was clearly authorized by the village.

The judgment should be reversed, with costs, the report of the referee set aside, and the proceeding remitted to the Special Term.

All concurred.

Judgment reversed, with costs, the report of referee set aside, and proceeding remitted to the Special Term.